**SUPERIOR COURT**
OF THE
**STATE OF DELAWARE**

**M. JANE BRADY**
*JUDGE*

**SUSSEX COUNTY COURTHOUSE**
**1 THE CIRCLE, SUITE #2**
**GEORGETOWN, DE 19947**
**TELEPHONE: (302) 856-5263**

July 26, 2016

Kendall M. Smith
SBI No. 00619570
James T. Vaughn Correctional Center
1811 Paddock Road
Smyrna, DE 19977

RE:    **State v. Kendall M. Smith**
       **ID No. 1301011443A**
       *Motion for Discovery, Inspection, and Transcripts*

Dear Mr. Smith:

The Court is in receipt of your Motion for Transcripts and Motion for Discovery and Inspection filed on April 14, 2016. In your Motion for Transcripts you state that you need the requested transcripts to prepare a *pro se* motion for postconviction relief. In your Motion for Discovery and Inspection you request information and materials in connection with your case.

The Delaware Supreme Court has previously stated that "[w]hile an indigent defendant is entitled to transcripts at State expense to pursue a direct appeal, there is no such right with respect to postconviction relief absent a showing of just cause."[1] The right of a criminal defendant to the provision of a free transcript and court documents for the purposes of post conviction relief is governed by Superior Court Criminal Rule 61(d)(4):

> [t]he judge may order the preparation of a transcript of any part of the prior proceedings in the case needed to determine whether the movant may be entitled to relief.[2]

It is within the discretion of the judge who has examined the motion and contents of the record to determine whether to order the preparation of a transcript of any part of the proceedings.[3] If the defendant offers no factual basis and fails to clearly identify the

---

[1] *Williams v. State*, 2011 WL 1716446, at *1 (Del. May 4, 2011) (internal citations omitted).
[2] Super. Ct. Crim. R. 61(d)(4)
[3] *Id. See also State v. Bishop*, 2006 WL 1360936 (Del. Super. Ct. May 17, 2006).

fundamental rights that were violated, the Court will find the defendant's claim to be frivolous and deny the motion.[4]

Rule 61 does not contain a specific provision allowing defendants to receive discovery.[5] However, the Court possesses "inherent authority under Rule 61 in the exercise of its discretion to grant particularized discovery for good cause shown."[6] The Court, however, will not allow a defendant "to go on a fishing expedition through the government's files in hopes of finding some damaging evidence."[7] In order to grant a discovery request, the Court must determine whether the Defendant has presented a compelling reason for the discovery.[8]

You do not currently have a matter pending before the Court which might require transcripts or other discovery material. Your motion for postconviction relief was **DENIED** on October 30, 2015. Your request is general and unsupported by a specific claim. Since you have provided no basis which would support providing the documents to you at State expense, the Court cannot grant your request.

Your present motions are **DENIED**.

**IT IS SO ORDERED.**

**M. Jane Brady**
Superior Court Judge

MJB/wjb
Original to Prothonotary

---

[4] *State v. Johnson*, 1999 WL 1568387 (Del. Super. Ct. Feb. 8, 1999); *State v. Quill*, 1999 WL 1229313 (Del. Super. Ct. Oct. 18, 1999).
[5] *See* Super. Ct. Crim. R. 61.
[6] *State v. Jackson*, 2006 WL 1229684, at *2 (Del. Super. Ct. May 3, 2006).
[7] *Id.* (citing *Deputy v. Taylor*, 19 F.3d 1485, 1493 (3d Cir. 1994)).
[8] *State v. Humbertson*, 2015 WL 5968763, at *3 (Del. Super. Ct. Oct. 9, 2015) (internal citations omitted).